INDIANAPOLIS GAS COMPANY ET AL. *v.* RAYL ET AL.

[No. 2,116. Filed April 9, 1897. Rehearing denied June 2; 1897.]

From the Tipton Circuit Court. *Reversed.*

*T. J. Kane, R. K. Kane* and *Gavin, Coffin & Davis,* for appellants.

*A. F. Shirts, George Shirts* and *I. A. Kilbourne,* for appellees.

ROBINSON, J.—This appeal involves the sufficiency of appellees' complaint.

The complaint alleges that on the 4th day of May, 1887, the appellees "rented and leased their farm containing forty acres, more or less, situate in Hamilton county, Indiana, bounded on the north by the lands of M. Jessup, on the east by the lands of J. Stanley, on the south by the lands of A. Bond, on the west by the lands of John Ortwein and others, to the firm of J. M. Guffy & Co. ;" that the lease provided that if gas was found in sufficient quantities to utilize, the consideration should be one hundred dollars for each well drilled, payable within a certain time and thereafter yearly, in advance; that one well should be completed within six months after the date of the lease, and in case of a failure to complete one well within such time, the lessee agreed to pay to the plaintiffs for such delay the sum of one hundred dollars per annum thereafter, until such well should be completed; that by proper assignments the lease was transferred to appellants, who had failed and refused to comply with the terms of the lease; that plaintiffs were at all times ready and willing and offered to locate all boundary lines and wells, but appellants would not consent and refused to allow the same to be done. The complaint asks damages for one thousand dollars. The lease is filed with and made a part of the complaint.

A demurrer for want of facts was overruled and judgment rendered in appellees' favor for one thousand dollars.

Objection is made to the complaint that the real estate mentioned is insufficiently described; that, it is not shown that appellees complied with the terms of the lease before suit was brought, and that no cause of action is stated in favor of Margaret Rayl, who joined as a party plaintiff.

The description of the real estate, as set out in the lease, is: "All that certain tract of land, situated in Washington township, Hamilton county, State of Indiana, bounded and described, as follows, to-wit: On the north by the lands of M. Jessup, on the east by the lands of J. Stanley, on the south by the lands of A. Bond, and on the west by the lands of John Ortwein and others, containing forty acres, more or less, excepting and reserving therefrom thirty-nine acres around the buildings on said premises upon which there shall be no wells drilled by either parties; the boundaries of which shall be designated and fixed by the party of the first part."

It is contended that the complaint fails to state a joint cause of action in the appellee A. P. Rayl and Margaret Rayl. The appellees both sign the lease although it was an agreement made with A. P. Rayl alone. The lease reads: "This lease made this 4th day of May, 1887, by and between A. P. Rayl, of the county of Hamilton, and State of Indiana, of the first part, and J. M. Guffy & Co., of Pittsburg, Pennsylvania, of the second part, witnesseth, etc."

The particular covenant in the lease upon which a recovery is sought provides that the lessee, under certain conditions, agrees to pay to "the party of the first part," A. P. Rayl, a certain sum of money.

The questions involved in this appeal and discussed in the briefs of counsel are identical with those involved in the *Indianapolis Natural Gas Co.* v. *Spaugh, ante*, 683.

Upon the authority of that case, the judgment is reversed with instructions to sustain the demurrer to the complaint.